UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON SARTORI,

    Plaintiff,

v.                                           CASE NO. 3:17cv679-MCR-EMT

UNITED STATES ARMY,

    Defendant.

_____/

## ORDER

Pending before the Court is Plaintiff Jason Sartori's Rule 72 Objection, ECF No. 41, to an order of the Magistrate Judge, ECF No. 40, denying his motion to compel, *see* ECF No. 34. Having fully considered the matter, the Court finds that the objection is due to be sustained.

**Background**

Sartori filed the instant action against Defendant United States Army ("U.S. Army") for violations of the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq.*, and the Privacy Act, 5 U.S.C. § 552a. On June 18, 2018, Sartori filed an Unopposed Motion for Production of a *Vaughn* Index,[1] ECF No. 23, which the

---

[1] A *Vaughn* index is "a list containing the information claimed as exempt [under FOIA] and the corresponding exemption under which it is claimed." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1258 (11th Cir. 2008).

Magistrate Judge subsequently granted. On July 23, 2018, U.S. Army filed a Motion for Summary Judgment as to Counts I-III and to Dismiss as to Counts IV-V, *see* ECF No. 30, with an attached *Vaughn* index. On September 1, 2018, Sartori filed a motion to compel a more detailed *Vaughn* index, along with several other motions.[2] Thereafter, the undersigned entered an Order granting Sartori's request to stay his response to U.S. Army's motion for summary judgment, deferring ruling on Sartori's response as to Count II, and referring Sartori's motion to compel to the Magistrate Judge. ECF No. 38. On January 10, 2019, the Magistrate Judge determined that U.S. Army's *Vaughn* index was legally sufficient and denied Sartori's motion to compel.[3] ECF No. 40. Sartori has now filed a Rule 72 Objection, ECF No. 41, to that Order.

**Legal Standard**

When reviewing a nondispositive order of a magistrate judge, this Court will "modify or set aside any part of the order that is clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); *see also* 28 U.S.C. § 636(b)(1)(A). The clear error

---

[2] Sartori filed these motions together in a document entitled "Response to Defendant's Motion for Summary Judgment as to Count II and Regarding 5 U.S.C. § 552(b)(6) as to Withholding of Individuals' Names; Objection to Defendant's *Vaughn* Index; Motion to Compel Production of *Vaughn* Index and Certain Other Papers; Motion to Stay; and Notice of Voluntarily [sic] Dismissal as to Count V," ECF No. 34.

[3] The Magistrate Judge deferred from addressing the remaining issues raised by Sartori because they were related to issues that were ultimately dispositive. *See* ECF No. 40.

standard of review is "highly deferential." *Holton v. City of Thomasville Sch. Dist.*, 425 F.3d 1325, 1350 (11th Cir. 2005). A finding is "clearly erroneous" only if, despite evidence to support it, "the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948). A magistrate judge's conclusion "is 'contrary to law' when it fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Malibu Media, LLC v. Doe*, 923 F. Supp. 2d 1339, 1347 (M.D. Fla. 2013) (quoting *Botta v. Barnhart*, 475 F.Supp.2d 174, 185 (E.D.N.Y. 2007)). Thus, when reviewing a nondispositive pretrial discovery order, the court affords "broad discretion" to the magistrate judge. *Id.*

**Discussion**

In general, FOIA "provides for wide-ranging citizen access to government documents and presumes them subject to disclosure absent a clear showing to the contrary." *Ely v. F.B.I.*, 781 F.2d 1487, 1489 (11th Cir. 1986). Normally, "FOIA cases should be handled on motions for summary judgment, once the documents in issue are properly identified." *Miccosukee Tribe of Indians of Fla. v. United States*, 516 F.3d 1235, 1243 (11th Cir. 2008) (quoting *Miscavige v. I.R.S.*, 2 F.3d 366, 369 (11th Cir. 1993)). In a FOIA case, the defendant-agency "has the burden of proving that it properly invoked any FOIA exemptions when it decided to withhold

information." *Id.* at 1258 (citing *Ely*, 781 F.2d at 1489–90). When determining whether a defendant properly withheld documents under exemptions to FOIA, a district court must have an adequate factual basis for its decision, which may be established "through affidavits, a *Vaughn* index, *in camera review*, *or* through a combination of these methods." *Id.* (citing *Miscavige*, 2 F.3d at 368). In other words, before determining whether a defendant properly withheld documents under a FOIA exemption, a district court must first establish that it has an adequate factual basis for rendering such a decision. *See id.*

As a preliminary matter, the undersigned notes that it referred Sartori's motion to compel a more detailed *Vaughn* index to the Magistrate Judge and that, in retrospect, the better practice may have been for the undersigned to assess whether there was an adequate factual basis for a decision, based on the *Vaughn* index and declarations provided, in conjunction with the merits of this case. In short, separating these two inquiries from one another and treating Sartori's request for a more detailed *Vaughn* index like a typical motion to compel may not have been the most efficient method of resolving this dispute.[4] That said, the undersigned nonetheless

---

[4] Notably, the undersigned's and the Magistrate Judge's task in this case was needlessly complicated by Sartori's unclear September 1, 2018 filing, which contained multiple motions, requests for relief, and partial responses to U.S. Army's motion for summary judgment in a single document. *See* ECF No. 34.

CASE NO. 3:17cv679-MCR-EMT

concludes that the Magistrate Judge clearly erred in finding U.S. Army's *Vaughn* index legally sufficient.

While the Eleventh Circuit has not established a set formula for what constitutes a sufficient *Vaughn* index, it has recognized that "[t]he index usually consists of a listing of each withheld document, or portion thereof, indicating the specific FOIA exemption applicable and the specific agency justification for the non-disclosure." *Miccosukee,* 516 F.3d at 1260 (citing *Vaughn v. Rosen*, 484 F.2d 820, 827 (D.C. Cir. 1973), *cert. denied*, 415 U.S. 977 (1974)); *see also Mead Data Cent., Inc. v. U.S. Dep't of Air Force*, 566 F.2d 242, 251 (D.C. Cir. 1977) (noting that a *Vaughn* index requires "a relatively detailed justification, specifically identifying the reasons why a particular exemption is relevant and correlating those claims with the particular part of a withheld document to which they apply."). Here, the Magistrate Judge found that "[f]or each document, [U.S. Army] identified the precise exemption claimed under 5 U.S.C. § 552 and 10 U.S.C. § 130b and provided a written explanation for why the exemption applied." ECF No. 40 at 7. On review of the record, however, the undersigned has found two instances where U.S. Army failed to provide an explanation for withholding information under 5 U.S.C.

§ 552(b)(5).[5] *See* ECF No. 30 at 63, 68.[6] Therefore, the Magistrate Judge's finding was clearly erroneous, and U.S. Army is directed to file an updated *Vaughn* index that addresses these deficiencies. In addition, U.S. Army's *Vaughn* index, even when considered with its declarations, does not provide the Court with an adequate factual basis to determine whether many of the other exemptions claimed under § 552(b)(5) were properly invoked. *See Miccosukee*, 516 F.3d at 1257. Specifically, U.S. Army has claimed numerous § 552(b)(5) exemptions without providing sufficiently

---

[5] "Section 552(b)(5) exempts from FOIA disclosure any 'inter-agency or intra-agency memorandums or letters which would not be available by law to a party other than an agency in litigation with the agency.'" *Miccosukee*, 516 F.3d at 1257 (quoting 5 U.S.C. § 552(b)(5)). Specifically, § 552(b)(5) allows an agency to withhold information pursuant to the deliberative process privilege, the attorney-client privilege, and the attorney work product privilege. *See id.* at 1257, 1262–64.

[6] Specifically, in two separate index entries U.S. Army claims exemptions under § 552(b)(5) pursuant to the attorney-client privilege, the deliberative process privilege, and the attorney work product privilege but provides no explanation as to why these privileges apply. *See* ECF No. 30 at 63, 68.

detailed justifications.[7] Therefore, U.S. Army is directed to file an updated index with more detailed justifications for its claimed § 552(b)(5) exemptions.[8]

The index is also insufficient because U.S. Army, despite claiming that multiple exemptions apply to individual index entries, does not specify which portions of the relevant documents each exemption applies to or whether a claimed exemption applies to the entire document. *See Kimberlin v. Dep't of Justice*, 139 F.3d 944, 950 (D.C. Cir.) ("*Vaughn* itself requires agencies to specify in detail which portions of the document are disclosable and which are allegedly exempt . . . . A

---

[7] While not an exhaustive list, the following responses are inadequate. First, U.S. Army provides as follows in multiple entries: "(b)(5). Attorney-client privilege, deliberative process, attorney work product. Redacted information pertaining to decisions made on unrelated investigations." ECF No. 30 at 61–62. This explanation only provides a limited factual basis for the Court to assess the applicability of the deliberative process privilege and no factual basis to determine the applicability of attorney-client privilege and the work product privilege. In another entry, U.S. Army provides: "(b)(5). Attorney-client privilege, deliberative process, attorney work product. Redacted conversation between attorney and commander." *Id.* at 64. While arguably providing a factual basis for the Court to assess whether the attorney-client privilege or the work product privilege applies, this explanation does not give the Court enough information to determine whether the deliberative process privilege applies. Lastly, U.S. Army claims that the deliberative process privilege applies in multiple entries, providing the following explanation: "Redacted discussions concerning the investigation." *Id.* at 68. The Court fails to see how it can assess the applicability of the deliberative process privilege with this information alone. *See Miccosukee*, 516 F.3d at 1264 (noting that for the deliberative process privilege to apply "the material must be pre-decisional, i.e., 'prepared in order to assist an agency decision maker in arriving at his decision'" and "deliberative, 'a direct part of the deliberative process in that it makes recommendations or expresses opinions on legal or policy matters.'").

[8] While the Court generally agrees with U.S. Army's argument that it cannot provide more detailed justifications for many of its claimed FOIA exemptions without disclosing allegedly exempt information, *see* ECF No. 37 at 3–5, U.S. Army can provide more detailed justifications for several of its claimed § 552(b)(5) exemptions without disclosing privileged information.

CASE NO. 3:17cv679-MCR-EMT

submission that does not do that does not even qualify as a '*Vaughn* index.'" (quoting *Schiller v. NLRB*, 964 F.2d 1205, 1209 (D.C. Cir. 1992), *abrogated on other grounds by Milner v. Dep't of Navy*, 562 U.S. 562 (2011)) (internal quotation marks and citations omitted)), *cert. denied*, 525 U.S. 891 (1998). Without this information, the Court cannot adequately determine whether all reasonably segregable non-exempt information has been disclosed. *See Miccosukee*, 516 F.3d at 1257 ("Although privileged portions of documents may be withheld, '[a]ny reasonably segregable portion of a record shall be provided to any person requesting such record after deletion of the portions which are exempt under this subsection.'" (quoting 5 U.S.C. § 552(b))); *see also Mead*, 566 F.2d at 260 ("[N]on-exempt portions of a document must be disclosed unless they are inextricably intertwined with exempt portions.").

Therefore, U.S Army is directed to produce a more detailed *Vaughn* index[9] that addresses the aforementioned deficiencies.[10]

---

[9] Contrary to Sartori's arguments, U.S. Army does not need "to produce a *Vaughn* index in compliance with 32 C.F.R. § 701.39." ECF No. 41 at 3. In her Order granting Sartori's motion for production of a *Vaughn* index, the Magistrate Judge did not command U.S. Army to produce a *Vaughn* index in compliance with § 701.39; rather, she cited § 701.39 for general definitional purposes. *See* ECF No. 26 at 1.

[10] The Court does not find it necessary to conduct *in camera review* at this time. However, the Court may, in its discretion, conduct an *in camera review* of part or all of the documents at issue in this case if it determines that such a review is necessary. *See Miccosukee*, 516 F.3d at 1258 (noting that courts have discretion to conduct an *in camera review* of documents when determining whether the agency improperly withheld documents under FOIA); *but see Lane v. Dep't of Interior*,

CASE NO. 3:17cv679-MCR-EMT

Accordingly, it is now **ORDERED** as follows:

1. The Rule 72(a) Objection, ECF No. 41, is **SUSTAINED**.

2. Defendant's Motion for Summary Judgment as to Counts I-III and to Dismiss as to Count IV, *see* ECF No. 30, is **DENIED** without prejudice with leave to refile within 45 days together with a *Vaughn* index consistent with this Order.[11]

3. Count V of Plaintiff's Amended Complaint is **DISMISSED**.[12]

4. Plaintiff has 14 days after Defendant refiles its motion for summary judgment to file a response.

---

523 F.3d 1128, 1136 (9th Cir. 2008) (while *in camera review* "should not be resorted to lightly," it may be appropriate in some cases).

[11] Sartori previously attempted to respond to U.S. Army's motion for summary judgment as to Count II of his Amended Complaint, *see* ECF No. 34 at 5–8, and the Court deferred ruling on Count II pending resolution of Sartori's motion to compel, *see* ECF No. 38. However, while Sartori has purportedly responded to Defendant's motion for summary judgment as to Count II of his Amended Complaint, Sartori's arguments in his response appear to relate to Count III. *See* ECF Nos. 13 at 4–7, 34 at 5–8. Sartori also attempted to respond to U.S. Army's motion for summary judgment as to the "withholding of individuals' names as claimed by 5 U.S.C. § 552(b)(6) and 10 U.S.C. § 130b." ECF No. 34 at 1. In the interests of efficiency, the Court denies Defendant's Motion for Summary Judgment as to Counts I-III and to Dismiss as to Count IV, *see* ECF No. 30, in total with leave to refile together with a more detailed *Vaughn* index.

[12] Plaintiff has agreed to dismiss Count V of his Amended Complaint. *See* ECF No. 34.

5. Plaintiff's remaining motions contained in his September 1, 2018 filing, *see* ECF No. 34, are **DENIED**.[13]

**DONE AND ORDERED** this 9th day of March, 2019.

*s/ M. Casey Rodgers*
**M. CASEY RODGERS**
**UNITED STATES DISTRICT JUDGE**

---

[13] In his September 1, 2018 filing, Sartori improperly moved to compel documents and information responsive to his FOIA requests. *See* ECF No. 34. As the Magistrate Judge correctly noted, Sartori is essentially "asking that the Court make a determination on an ultimate, dispositive issue via the procedural vehicle of a motion to compel." ECF No. 40 at 9. Therefore, these motions are denied.

CASE NO. 3:17cv679-MCR-EMT